**Glynn WARD, Plaintiff–Appellant,**

v.

**OROMDE; et al., Defendants–Appellees.**

**No. 11–17991.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 21, 2013.

Glynn Ward, Lancaster, CA, pro se.

Kelli Hammond, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and MURGIA, Circuit Judges.

### MEMORANDUM ***

California state prisoner Glynn Ward appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to his serious medical needs and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

The district court properly dismissed Ward's claims against defendant Swift because Ward failed to exhaust administrative remedies as to these claims. *See Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Summary judgment was proper on Ward's excessive force claims because Ward failed to raise a genuine dispute of material fact as to whether defendants acted maliciously or sadistically to cause harm when Ward was handcuffed during transport for Ward's medical appointment. *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (core judicial inquiry in determining excessive physical force in violation of Eighth Amendment is whether force was applied in good-faith effort to maintain discipline, or maliciously and sadistically to cause harm).

Summary judgment was proper on Ward's deliberate indifference claims because, even assuming that Ward had a serious medical condition, Ward failed to raise a genuine dispute of material fact as to whether defendants disregarded an excessive risk to his health or safety regarding his transport and retention in an airconditioned van on a hot day. *See Toguchi*, 391 F.3d at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health or safety); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Ward's request for additional time and assistance with his legal materials is denied.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.